**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1027
_____

UNITED STATES OF AMERICA

v.

RODNEY ASHE;

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 3:23-cr-00388-001)
District Judge:  Honorable Zahid N. Quraishi

_____

Argued: November 12, 2024

Before:  RESTREPO, MONTGOMERY-REEVES and
AMBRO, *Circuit Judges*.

(Filed: February 27, 2025)

Candace Hom
Rahul K. Sharma [ARGUED]
Office of Federal Public Defender
1002 Broad Street

Newark, NJ 07102
   *Counsel for Appellant*

Mark E. Coyne
OFFICE OF UNITED STATES ATTORNEY
970 Broad Street, Room 700
Newark, NJ 07102

Norman Gross [ARGUED]
OFFICE OF UNITED STATES ATTORNEY
Camden Federal Building & Courthouse
401 Market Street
Camden, NJ 08101
   *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

RESTREPO, *Circuit Judge*

On December 21, 2023, the District Court held a sentencing hearing for Appellant Rodney Ashe, who pleaded guilty to being a felon in possession of a firearm after officers observed a handgun in his sweatshirt pocket during a traffic stop. At the hearing, both the Government and the defense argued that Ashe's sentence should be calculated using a total offense level of 12. The District Court, however, disagreed and found a total offense level of 17, applying an enhancement arising from Ashe's possession of an AK-style pistol (the "AK Pistol") found in the trunk of Ashe's car more than six months after Ashe was incarcerated and his car was impounded.

2

The District Court found that a preponderance of the evidence supported Ashe's constructive possession of the AK Pistol, finding compelling that it was found in Ashe's trunk and that Ashe had a history of felon-in-possession charges. Having found that Ashe possessed the AK Pistol, the District Court applied an enhancement for possession of a semiautomatic firearm capable of accepting a large capacity magazine and sentenced him to 37 months of imprisonment. Because the District Court applied this enhancement without sufficient evidence that Ashe possessed the AK Pistol, we will vacate his sentence and remand this case for resentencing absent the enhanced base offense level.

## I. BACKGROUND

On October 3, 2022, Ashe was pulled over by police for failing to maintain his lane of travel while driving. While speaking with Ashe, officers observed a handgun protruding from the front pocket of his sweatshirt. Ashe was arrested and his car was impounded at Sisbarro Towing. The officers involved in the arrest reported that they only searched the immediate area of the driver's seat and made no search of Ashe's trunk.

This was not Ashe's first firearm-related arrest. On November 16, 2014, he was arrested for, among other things, unlawful possession of a handgun after police noticed a revolver in his waistband while questioning him about littering. Ashe was convicted of this charge and on October 26, 2015, was sentenced to five years imprisonment, 42 months parole ineligibility, $1,455 in fees and costs, and 6 months of license suspension.

3

On April 25, 2023, while Ashe's car was being repossessed and towed from Sisbarro, a Sisbarro employee found a duffle bag in its trunk containing ammunition and the AK Pistol. It was a semiautomatic firearm capable of accepting a large capacity magazine.[1] On October 31, 2023, Ashe endorsed an abandonment and waiver of rights in which he forfeited all rights to the AK Pistol and ammunition and disavowed ever having possessed them.

On May 23, 2023, Ashe pleaded guilty to a felon in possession charge arising from the handgun found on his person during the October 3 traffic stop. He and the Government entered into a plea agreement stipulating a total offense level of 12.

On October 16, 2023, after Ashe pleaded guilty, the U.S. Probation Department submitted a draft PSR calculating a total offense level of 17. The Probation Department reached this base offense level pursuant to U.S.S.G. § 2K2.1(a)(4)(B), which applies a base offense level of 20 if the offense involves a "semiautomatic firearm that is capable of accepting a large capacity magazine."

On October 30, 2023, Ashe objected to the draft PSR, arguing that the months-delayed discovery of the AK Pistol in

---

[1] Ashe contends on appeal that "the enhanced base offense level for having a 'large capacity magazine' should only apply if the firearm in question was capable of accepting a magazine larger than the standard magazine for the particular firearm model." Appellant's Br. at 37. This argument is foreclosed by our Court's recent decision in *United States v. McIntosh*, 124 F.4th 199, 211 (3d Cir. 2024).

4

Ashe's trunk was insufficient to establish that he had possession or control of the AK Pistol. The Government lodged an identical objection, noting the six-month lapse between Ashe's arrest and the AK Pistol's discovery and arguing that the Government was "unaware of any evidence that suggests Ashe possessed the AK-47 either at the time of his October 3, 2022 arrest or anytime thereafter." JA66.

On November 7, 2023, the Probation Department submitted its final PSR, which maintained its previously calculated base offense level of 20. The final PSR contained an addendum detailing additional information the Probation Office had learned from contacting Sisbarro Towing. Per this addendum, Sisbarro Towing advised that its lot is secured with a locked gate, that stored vehicles can only be accessed by employees or authorized third parties, and that employees are only permitted to access stored vehicles when moving them.

The District Court held Ashe's sentencing hearing on December 21, 2023. At the hearing, the District Court referenced several pieces of evidence it found relevant in determining possession of the AK Pistol: (1) "Ashe is in his own vehicle, and he's arrested illegally possessing a firearm," JA12; (2) Ashe "has a prior history of committing this very same crime," *id*.; (3) at the time of the arrest, officers search "only in the front area of the driver's seat" and "don't search the trunk," *id*. at 12–13; (4) "the car is taken to a towing company" "[a]t the time that he's arrested," *id.* at 13; and (5) the "towing company finds" the AK Pistol "in the trunk of the car that was not opened by law enforcement at the time of the arrest," *id*.

Having summarized this evidence, the District Court then stated that "the standard for sentencing is preponderance

5

of the evidence." *Id*. The District Court summarized this inquiry as follows:

> So the question that I have before the Court is, is it more likely than not that Mr. Ashe possessed that AK-47 at the time of his arrest than a stranger who walked by his car in the tow lot and just happened to fall upon his car and throw an AK-47 in a duffel bag in there, or an employee of the towing company who just happened to work there who said, you know what, I have this AK-47 in a duffel bag, I think I'm going to dump it in this car, and then coincidentally Mr. Ashe is the unluckiest man in the world.
>
> Or is it more likely than not that Mr. Ashe, who just continues to defy laws on firearms, continues to illegally possess firearms, is arrested with an illegal firearm on his person on the date that he's arrested, also had the AK-47 in the trunk, and the only reason it wasn't found that day is because the police officers did not inspect his trunk?

*Id*. at 13–14. Shortly thereafter, after chiding the Government for making "an argument that the defense attorneys make" by opposing a finding of constructive possession, the District Court rearticulated the preponderance-of-the-evidence-standard: "Or is it more likely than not, even though you might not believe you can prove it beyond a reasonable doubt, but isn't it more likely than not that it's his and that he knew it was there based on the facts that we have before us?" *Id*. at 16–17.

6

Throughout its analysis, the District Court at times compared the likelihood of Ashe possessing the AK Pistol against the likelihood that a "random third party" was able to "sneak an AK-47 into his trunk" during the time Ashe's car was located at Sisbarro. *See, e.g.*, *id*. at 20. A reference to this comparison is made in the District Court's ultimate finding:

> I'm making the conclusion, by a preponderance of the evidence, that it's more likely than not that he possessed the AK-47 that was found in his car. That's the finding.
>
> And by the way, let me be clear. That is the finding I am making right now. I find that Mr. Ashe, by a preponderance of the evidence, . . . more likely than not . . . possessed that AK-47 and that it wasn't some random third party individual who, over the six or six-and-a-half-month period post his arrest, happened to coincidentally drop it into his trunk at the tow lot when it was secured over there or unsecured over there since his arrest.
>
> […] [I]t's more likely than not, based on the facts that are before me in this record, that Mr. Ashe possessed that firearm at the time of his arrest.

*Id*. at 30–31. Having made this finding, the Court sentenced Ashe to 37 months of imprisonment—the upper end of the guidelines range calculated using U.S.S.G. § 2K2.1(a)(4)(B)'s base offense level of 20. *Id*. at 51. Ashe appealed.

7

## II. DISCUSSION[2]

"Constructive possession exists if an individual 'knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons.'" *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992) (quoting *United States v. Blackston*, 940 F.2d 877, 883 (3d Cir. 1991)). To constructively possess an object, an individual must have "dominion and control" over it and must have "knowledge of that object's existence." *Id.*

When assessing the propriety of a sentencing enhancement, this constructive possession inquiry is controlled by a preponderance-of-the-evidence-standard. *See United States v. Irvin*, 369 F.3d 284, 287 (3d Cir. 2004) ("The government had the burden to prove, by a preponderance of the evidence, that Irvin knew of the guns' presence and had control or the power and intention to exercise control over them." (internal citation omitted)). Accordingly, to apply a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(B), the District Court was required to find by a preponderance of the evidence that Ashe possessed the AK Pistol. In so finding, the Court was permitted to turn to circumstantial evidence. *United States v. Iglesias*, 535 F.3d 150, 156 (3d Cir. 2008)

---

[2] We review the District Court's constructive possession ruling for clear error. *United States v. Caraballo*, 88 F.4th 239, 243 (3d Cir. 2023) ("[W]hen the legal issue involves 'a "strictly factual test," such that once the test is stated no legal reasoning is necessary to the resolution of the issue,' the determination should be reviewed for clear error."). The parties are in agreement that this standard applies.

("Constructive possession may be proved by circumstantial evidence.").

Ashe contends that the District Court improperly relied on proximity alone in finding that a preponderance of the evidence supported his possession of the AK Pistol. He also argues that the District Court erred to whatever extent it relied upon the PSR's addendum, which stated that the Sisbarro lot had been locked and no one had been authorized to access Ashe's car prior to the AK Pistol's discovery. This addendum, Ashe argues, was "insufficiently reliable to support the district court's" conclusion. Appellant's Br. at 29.

In response, the Government now argues that the District Court correctly relied upon circumstantial evidence in finding constructive possession—the opposite of the Government's position before the District Court. According to the Government, "the District Court afforded substantial weight to Ashe's prior convictions and his superior access to the trunk of his own car." Appellee's Br. at 22. The Government argues that the Court's consideration of Ashe's prior convictions was relevant both for propensity, which the Government argues is not barred from consideration at the sentencing stage, and for proving Ashe's ability to obtain illegal guns. *Id*. at 21–23. It also argues that the District Court was entitled to "consider the absence of any evidence that anyone else had placed the gun in the trunk." *Id*. at 24. As for the PSR's addendum, the Government contends that Ashe never objected to the PSR's relevant factual statements, making them uncontested factual averments that the District Court was entitled to rely upon.

In reviewing the District Court's constructive-possession finding for clear error, we must "accept the ultimate

9

factual determination of the fact-finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *DiFederico v. Rolm Co.*, 201 F.3d 200, 208 (3d Cir. 2000) (quoting *Coalition to Save Our Children v. Bd. of Educ.*, 90 F.3d 752, 759 (3d Cir. 1996)). "A [factual] finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Montalvo-Flores*, 81 F.4th 339, 342 (3d Cir. 2023) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993)).

Even under this relatively relaxed standard, the District Court's finding is clearly erroneous and we are left, "on the entire evidence[,] … with the definite and firm conviction that a mistake has been committed." *Id*. Considering the entire evidence, Ashe's constructive possession of the AK Pistol has not been proven by a preponderance of the evidence.

The location of the AK Pistol in Ashe's trunk is not enough alone to establish constructive possession. *United States v. Brown*, 3 F.3d 673, 683 (3d Cir. 1993) ("[S]imple ownership or control of a vehicle is not enough on its own to establish constructive possession of [items] found therein, but rather, additional evidence must link the defendant to the [items]."). This Court has held that "[c]ommon sense counsels that an owner and operator of a vehicle usually has dominion and control over the objects in his or her vehicle of which he or she is aware, and usually knows what is in that vehicle." *Iafelice*, 978 F.2d at 97. But "[o]wnership and operation … do not exist in a vacuum; they must be considered in the context of the surrounding circumstances, which may either reinforce

10

or undercut, the significance of ownership and operation of the vehicle." *Id*.

The surrounding circumstances of the AK Pistol's discovery do a great deal to undercut the significance of Ashe's ownership of the vehicle. Ashe was not operating it at the time the AK Pistol was found—to the contrary, he was incarcerated at the time. Nor had Ashe been in recent contact with his vehicle: due to his incarceration, he had not accessed it for more than six months before the AK Pistol's discovery. Moreover, the precise location of the AK Pistol within the vehicle fails to support a finding of constructive possession, as the AK Pistol was found in a bag in the trunk and was not within reach of the driver's seat. *Cf. United States v. Lopez*, 271 F.3d 472, 487 (3d Cir. 2001) (a gun's "location underneath the car's front seat and therefore within [defendant's] reach" "could easily justify the inference" that defendant constructively possessed it).

The District Court found support for a finding of constructive possession from the fact that Ashe's vehicle had been stored in a tow lot during the months between Ashe's arrest and the AK Pistol's discovery. Though the District Court was entitled to rely on the PSR addendum that provided details about the tow lot's security,[3] these details do not provide adequate evidentiary support for a finding of

---

[3] In failing to object to the PSR addendum's factual allegations, Ashe admitted them and cannot now object to their reliability. *See United States v. Siegel*, 477 F.3d 87, 93 (3d Cir. 2007) ("[B]y not objecting to the PSR's factual allegations, the defendant has admitted them." (cleaned up)).

constructive possession.

As detailed in the PSR addendum, Ashe's vehicle was stored behind a locked gate at a lot where company policy only allowed access to vehicles by employees tasked with moving them or third parties with proper payment or paperwork to take possession of them. These bare-minimum security representations do not make up for the risk of outside tampering imposed by the multi-month period during which Ashe did not have possession of his car. The lot's stated rules regarding proper access to vehicles give little comfort that unauthorized access does not happen, particularly where the only security feature described is a locked gate.

The District Court also relied upon Ashe's history of felon-in-possession charges to buttress its finding of constructive possession. However, his 2015 firearm conviction and the 2022 firearm arrest that initiated this action are insufficient to establish his constructive possession of the AK Pistol. Whatever evidentiary value these priors held is undercut by the significant difference between the firearms Ashe had been arrested for possessing in the past and the AK Pistol that gives rise to this appeal.

Both firearms in Ashe's prior firearm convictions were common handguns: in 2014, a Titan Tiger 38 Special Revolver loaded with six live rounds of ammunition, and in his latest conviction a FN 509 Tactical, 9mm semiautomatic handgun loaded with a fifteen-round magazine. In contrast, the AK Pistol here was a Pioneer Arms Hellpup AK-style pistol with a thirty-round magazine attached.

There is a substantial difference between a standard handgun and a more unusual 7.62-caliber AK Pistol with a

thirty-round magazine. As the Government acknowledges, standard semiautomatic pistol magazines are "substantially smaller than the 30-round magazine in this case." Appellee's Br. at 34 n.9. Ashe's history of possessing more run-of-the-mill handguns has less probative value here in assessing constructive possession of the AK Pistol than it would if a more typical handgun was at issue.

Considering the circumstances as a whole, the purported evidentiary bases for the District Court's constructive possession finding crumble. The AK Pistol was found in Ashe's car, which he was the last known driver of—but the gun was found in a bag in the trunk, and Ashe had not accessed the car in over six months prior to the AK Pistol's discovery. The car was kept in an impound lot between the time of Ashe's arrest and the gun's discovery—but employees or others could have gained access to the car during that period given the paltry security representations contained in the PSR. Ashe possessed another illegal firearm at the time of his arrest and had a prior firearms conviction—but the small-caliber handguns Ashe possessed in the past bear little resemblance to the AK Pistol at issue here.

As we have made clear, "simple ownership or control of a vehicle is not enough on its own to establish constructive possession of [items] found therein." *Brown*, 3 F.3d at 683. Here, the significance of Ashe's ownership and operation of his vehicle is sizably undercut when "considered in the context of the surrounding circumstances," which offer little if any support for the District Court's constructive possession finding. *Iafelice*, 978 F.2d at 97. More is required, even under the preponderance-of-the-evidence standard, to establish constructive possession. Accordingly, we are "left with the definite and firm conviction that a mistake has been

committed" in the District Court's constructive possession finding and therefore hold that the District Court's finding was clear error.[4] *Montalvo-Flores*, 81 F.4th at 342.

The sole remaining dispute between the parties to this appeal is whether this Court should remand this case for additional proceedings regarding constructive possession or remand this case for resentencing absent the enhanced base offense level. The Government contends that "[a]lthough the Government is precluded by the plea agreement from presenting evidence at an evidentiary hearing and arguing that the District Court should apply the enhancement, nothing would prevent the Court from directing the Government to make witnesses and other evidence available for its consideration on remand." Appellee's Br. at 30. In the interests of judicial economy, and having considered the facts of this case, we elect to not send the District Court on this cumbersome and procedurally unusual undertaking. Accordingly, we will remand this case for resentencing absent the enhanced base-offense level.

## III. CONCLUSION

For the reasons set forth above, we will vacate Ashe's sentence and remand this case for resentencing.

---

[4] Because we hold that the District Court's constructive possession finding was clear error, we need not reach Appellant's remaining arguments.